**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4100

WILLIAM DAVID LONG,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-99-70063)

Submitted: June 20, 2000

Decided: July 24, 2000

Before MURNAGHAN, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas E. Wray, Salem, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Donald R. Wolthuis, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William David Long appeals from his conviction and sentence for conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp. 2000). On appeal, Long challenges the sufficiency of the evidence to support the conviction.

In the face of such a challenge, a jury verdict must be upheld if there exists substantial evidence to support the verdict, viewing the evidence in the light most favorable to the government. See Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is evidence "that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In resolving issues of substantial evidence, this court does not weigh evidence or review witness credibility, see United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989), rather, the credibility of witnesses is within the sole province of the jury. See United States v. Lamarr, 75 F.3d 964, 973 (4th Cir. 1996); see also United States v. Manbeck, 744 F.2d 360, 392 (4th Cir. 1984) (role of jury to judge credibility of witnesses, resolve conflicts in testimony, and weigh the evidence). This court may reverse a jury verdict only when there is a complete absence of probative facts to support the conclusions reached by the jury, see Sherrill White Constr., Inc. v. South Carolina Nat'l Bank, 713 F.2d 1047, 1050 (4th Cir. 1983), and this court has previously held that even the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. See United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993).

Long claims that the primary evidence to support his conviction for conspiracy was suspect because it came from Marvin Lee Price, an indicted and convicted drug conspirator. He asserts further that evidence from Lisa Duggins also was suspect because she was an admitted cocaine addict who was seeking assistance from the government in her pending federal criminal charges. Long also claims that the

2

government was unable to prove all the elements of conspiracy, because he testified that he did not know the substance at issue was cocaine, but believed it to be a hormone stimulant which he fed to his chickens so they would be better fighters.

At trial, Price, one of the two other co-conspirators charged in the indictment, testified that he had an agreement with Long whereby Price would front Long one to two ounces of cocaine every week beginning in March 1998 and continuing until Price was arrested at the end of June 1998. Lisa Hazelwood described in detail her daily trips to Long's residence for the purpose of obtaining cocaine from him. Duggins also described how she received cocaine from Long for her personal use and for further resale. And, both Hazelwood and Duggins consistently testified that Long took the cocaine they requested from a desk drawer in a room down the hallway from Long's kitchen, and described how Long measured the cocaine on scales, packaged it in baggies and handed it to them. Duggins further testified that Long provided her with needles and other paraphernalia to intravenously inject the cocaine he provided. Harriett Price attested as to the events she witnessed when she accompanied her husband, Marvin Lee Price, to Long's trailer when Price distributed cocaine to Long. There was further evidence of Long's payment for cocaine previously fronted to him, and the recovery of two small white baggies containing cocaine, a set of scales (containing cocaine residue), and several weapons from the desk in the locked room of the trailer. Also recovered was a bottle of Inositol powder, which experienced Investigator Keith Wescott of the Henry County Sheriff's Office testified was a dietary supplement which often is mixed with cocaine to cut its purity.

Long testified in his defense that he thought the substance found in his desk drawer in the same room described by Hazelwood, Duggins, and the Prices as the location where cocaine transactions occurred, was a food supplement for his chickens, given to him by a man whose real name Long did not know. Ronnie Jody Shelton testified on Long's behalf that he was employed by Long to assist in the care of Long's chickens, and that that care included feeding the chickens with a substance called "GAP," which Long told him was to produce more stamina and strength for fighting. Shelton testified he

3

never saw Long sell drugs, and denied seeing any weapons on the property.

We have reviewed the record and find that there exists substantial evidence to support the verdict when viewing the evidence in the light most favorable to the prosecution. See Glasser , 315 U.S. at 80. It is apparent that the jury found the evidence provided by the Prices, Ms. Hazelwood, Ms. Duggins, and others to be more credible than that presented by Long, a finding this court may not disturb. See Saunders, 886 F.2d at 60. We therefore sustain the verdict, and affirm Long's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4